IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT C. SONDA, MARK A. SONDA,
and HOLLY SONDA,

    Plaintiffs,

v.                                                Civil Action No. 5:12CV103
                                                                  (STAMP)
CHESAPEAKE APPALACHIA, LLC,
STATOIL USA ONSHORE PROPERTIES, INC.
and JAMESTOWN RESOURCES, LLC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO COMPEL ARBITRATION AND TO DISMISS**

I. Background

The plaintiffs, Scott, Mark and Holly Sonda, entered into an oil and gas lease dated May 9, 2006 ("the Lease") with Great Lakes Energy Partners, LLC. The Lease covered the plaintiffs' 341.35 acre tract of land located partly within Buffalo District, Brooke County, West Virginia, and partly within Liberty District, Ohio County, West Virginia. This lease was later assigned to the defendants. The Lease provided for a five year primary term, to be automatically extended to a secondary term if oil, gas, coalbed methane or other liquid hydrocarbons were produced in paying quantities from under the plaintiffs' property or if the lessee was engaged in bona fide attempts to produce the same prior to the expiration of the primary term of the lease.

The plaintiffs filed this civil action in the Circuit Court of Brooke County on June 4, 2012, alleging that prior to the expiration of the Lease, the defendants included 2.365 acres of the

plaintiffs' property in a pooled unit known as the Larry Ball South Unit. The plaintiffs contend that even though a small portion of their property has been included in the Larry Ball South Unit, the defendants are not pooling gas from the plaintiffs' property. Accordingly, the plaintiffs allege that the defendants have failed to satisfy any of the contingencies necessary to trigger the secondary term of the Lease, and thus the Lease expired on May 9, 2011.

Notwithstanding this, the plaintiffs contend that the defendants continue to claim that the Lease is valid and that it did not expire as a result of the pooling of a portion of the plaintiffs' property in the Larry Ball South Unit. The plaintiffs request a declaratory judgment declaring the Lease void and that the Lease constitutes a cloud on the plaintiffs' title. The complaint also asserts claims for breach of implied duty of good faith and fair dealing, for trespass, and for breach of contract terms relating to well spacing. The plaintiffs also request compensatory and punitive damages.

The defendants removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The defendants then filed a motion to compel arbitration and stay proceedings, or in the alternative, to dismiss. The motion to compel arbitration is based upon an arbitration clause contained in the Lease. This motion is now fully briefed and ripe for determination by this Court. For the reasons that follow, the

motion to compel arbitration is granted and this civil action is dismissed to be brought in arbitration.

## II. Applicable Law

The Federal Arbitration Act ("FAA") applies to "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . ." 9 U.S.C. § 2. When a party seeks enforcement of the arbitration clause of an agreement during proceedings in a district court, a party sufficiently "invoke[s] the full spectrum of remedies under the [Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA")]." Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001).

In order to compel arbitration under the FAA, the law of the United States Court of Appeals for the Fourth Circuit provides that a moving party must "demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) failure, neglect, or refusal of the [opposing party] to arbitrate the dispute." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (citing Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991). Further, while federal law determines the arbitrability of issues, "[w]hether a party agreed to arbitrate a

3

particular dispute is a question of state law governing contract formation." Id. at 501 (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

Federal policy generally takes a liberal stance in favor of enforcement of contractual arbitration clauses. See Adkins, 303 F.3d at 500. When determining whether an issue is arbitrable pursuant to a contractual provision, courts are required to "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'" Hill v. PeopleSoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

### III. Discussion

Defendants' motion to compel arbitration is based upon the following arbitration clause contained in the Lease:

> 29.1 Any controversy or claim arising out of or relating to this Lease, or breach thereof, shall be ascertained and settled by three (3) disinterested arbitrators in accordance with the rules of the American Arbitration Association, one therefore to be appointed by the Lessor, one by the Lessee, and the third by the two (2) so appointed aforesaid, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Arbitration proceedings hereunder shall be conducted at the county seat or the county where the lease or action occurred which is cause for the arbitration, or such other place as the parties to such arbitration shall all mutually agree upon. The cost of such arbitration shall be borne equally by the parties.

ECF No. 1 Ex. 1 *17.

The defendants argue that this arbitration clause is valid and enforceable under the FAA, and that the claims brought by the plaintiffs in this civil action all "aris[e] out of or relat[e] to"

the Lease "or [the] breach thereof." Id. Accordingly, defendants assert, this matter is arbitrable and arbitration must be compelled.

This Court agrees with the defendants that, under the two-part test necessary to determine the arbitrability of claims, arbitration must be compelled in this case. First, the test for compelling arbitration under the FAA is easily met. See Adkins, 303 F.3d at 500-01. There is clearly a dispute between the parties, as the plaintiffs have filed this lawsuit. The defendants have also presented a written agreement between the parties to arbitrate, and the plaintiffs do not contest its authenticity. The agreement presented also clearly purports to cover all of the claims asserted by the plaintiffs, as it is a broadly written clause which covers "*any* controversy or claim arising out of *or* relating to [the] Lease, or breach thereof." ECF No. 1 Ex. 1 *17 (emphasis added). The plaintiffs' claims all easily fall within this category as all relate to whether or not the Lease has expired and whether or not the defendants have breached the terms thereof. Further, an interstate nexus in the Lease has been established because the parties to the Agreement are citizens of two different states and the Lease involved the production of a product which is largely commercially transported and sold in interstate commerce. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 264, 274 (1995) (The FAA's reach with regard to interstate commerce is quite broad and is as far as that of Congress's Commerce Clause power).

Finally, the mere fact that this case is before this Court evidences that the plaintiffs have failed to arbitrate.

Secondly, the defendants have also successfully satisfied the second part of this two-part test -- whether the clause itself is valid and enforceable. The plaintiffs have not argued that the arbitration clause is unenforceable or unconscionable for any reason, and this Court cannot find, on the face of the agreement or in the record, any reason to so find. See Syl. pt. 3, The Bd. of Educ. of the Cnty. of Berkeley v. W. Harley Miller Inc., 236 S.E.2d 439 (W. Va. 1977) (arbitration clauses presumed to be "bargained for" and "intended to be the exclusive means of resolving disputes under the contract"). As such, the arbitration clause contained in the Lease is enforceable and the claims brought by the plaintiffs are arbitrable under the FAA.

The plaintiffs do not contest any of the above conclusions relating to the enforceability of the arbitration clause or to the arbitrability of the claims brought in the complaint. Rather, the plaintiffs contend that it is inappropriate for an arbitrator to decide the matters at issue herein because they relate to real property in West Virginia, and neither the courts nor the legislature of West Virginia have spoken on the issue. The plaintiffs argue that West Virginia "has plenary jurisdiction and control of the property, real and personal, located within its borders." Keesecker v. Bird, 490 S.E.2d 754, 767 (W. Va. 1997). As a result, the plaintiffs say, if this Court allows an arbitrator to determine the issues surrounding this dispute, issues on which

no law making body within West Virginia has yet spoken, "it will be abdicating West Virginia's plenary jurisdiction to determine the laws regarding property located within its boundaries." ECF No. 11 *3.

The plaintiffs' argument is without merit and against the federal policy favoring arbitration. Under federal law, this Court is not even empowered to consider the arguments offered by the plaintiffs in order to urge this Court to decline to compel arbitration in this matter. <u>Adkins</u>, 303 F.3d at 500-01. In considering motions to compel arbitration, this Court has the authority to consider only two matters: first, whether the claims brought by the plaintiff are arbitrable under the terms of the arbitration clause and second, whether the relevant arbitration clause is valid and enforceable. <u>Id.</u> Beyond that inquiry, this Court possesses no authority to decline to compel arbitration. If the above two-part test is satisfied by the party seeking to compel arbitration, this Court's inquiry ends and arbitration <u>must</u> be compelled. <u>Id.</u>

Further, this Court must take note that, even if arbitration were not compelled in this civil action, this matter is properly before this Court through federal diversity jurisdiction, a fact which the plaintiffs have not contested. Accordingly, should this Court decline to compel arbitration, the issues raised by the plaintiffs in this case would be determined not by the courts or legislature of West Virginia, but by this Court; thus, by the plaintiffs' argument, "abdicating West Virginia's plenary

jurisdiction to determine the laws regarding property located within its boundaries" nonetheless. ECF No. 11 *3.

Finally, the defendants request that this civil action be dismissed rather than stayed under the FAA. 9 U.S.C. § 3. In support of this request, the defendants argue that a stay would serve no useful purpose because all parties and claims within this civil action are subject to arbitration. This Court agrees and will grant the defendants' request. Despite the FAA's mandate that courts stay matters pending the conclusion of arbitration, it is widely agreed among courts that the FAA permits dismissing rather than staying a matter when all issues raised against all parties in the matter are referred to arbitration. See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001). As this is the case here, and this Court finds that no useful purpose would be served by staying this matter, this civil action is dismissed.

## IV. Conclusion

For the reasons set forth above, the defendants' motion to compel arbitration is GRANTED. This civil action is DISMISSED to be brought in arbitration in accordance with this memorandum opinion and order. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 9, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE