IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT C. SONDA, MARK A. SONDA
and HOLLY SONDA,

    Plaintiffs,

v.                                      Civil Action No. 5:12CV103
                                                    (STAMP)
CHESAPEAKE APPALACHIA, LLC,
STATOIL USA ONSHORE PROPERTIES, INC.
and JAMESTOWN RESOURCES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO REOPEN,
DENYING WITHOUT PREJUDICE DEFENDANTS'
MOTION TO CONFIRM ARBITRATION AWARD,
DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO ENFORCE AWARD AND
DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO
ENFORCE OR FOR LEAVE TO FILE SURREPLY**

      Previously, this Court granted the defendants' motion to compel arbitration and dismissed this civil action. The parties have since arbitrated their dispute, resulting in an award in the defendants' favor. The defendants have now filed a motion to reopen this civil action along with a motion to confirm the award, a motion to enforce the award as res judicata against a separate arbitration, and a motion to strike the plaintiffs' response in opposition to the defendants' motion to enforce or, alternatively, for leave to file a surreply. For the following reasons, the defendants' motion to reopen is denied, the defendants' motion to confirm and motion to enforce are denied without prejudice, and the

defendants' motion to strike or for leave to file a surreply is denied as moot.

I. Background

This civil action arises from a dispute over an oil and gas lease the defendants hold on the plaintiffs' property. The plaintiffs ("the Sondas") filed this civil action alleging various breaches of the lease by certain defendants and that the lease had expired. The defendants filed a motion to compel arbitration under the parties' arbitration agreement contained in the lease, and to dismiss this civil action. This Court granted the defendants' motion and dismissed this civil action. Judgment was entered accordingly. The arbitrators subsequently issued an award in the defendants' favor ("the Award").

The Sondas then sent to the defendants a second demand for arbitration ("the Second Arbitration") against Chesapeake, Statoil, and Southwestern Energy Services, LLC ("SWN"). At oral argument in this civil action, the parties indicated that while they have begun selecting arbitrators in accordance with the arbitration agreement, a complete arbitration panel has not yet been appointed and that proceedings have not yet commenced.

The defendants then filed this motion to reopen this civil action, along with a motion to confirm the arbitration award, a motion to enforce the award, and a motion to strike the Sondas' response in opposition to the defendants' motion to enforce or,

alternatively, for leave to file a surreply. Contemporaneously, the defendants in this case filed a separate civil action in this Court (5:16CV46) in which they filed a motion to confirm and a motion to enforce that are substantively identical to those filed in this civil action. The defendants explained at oral argument that they filed the parallel civil action in an effort to ensure that they met the Federal Arbitration Act's one year statute of limitations for confirming arbitration awards if this Court denied their motion to reopen this civil action.

The Sondas do not oppose the defendants' motion to reopen or motion to confirm the award, but the Sondas do oppose the defendants' motion to enforce the award and the defendants' motion to strike. The defendants' motion to enforce the Award seeks to prevent the Sondas from asserting claims in the Second Arbitration that the defendants argue are barred by the Award under the doctrine of res judicata.

## II. Discussion

Federal Rule of Civil Procedure 60(b) permits courts to "relieve a party or its legal representative from a final judgment." Fed. R. Civ. P. 60(b). Such relief "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). "In determining whether to exercise the power to relieve against a judgment under [Rule] 60(b), . . . courts must

3

engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of All the facts.'" Id. (emphasis in original). The moving party must first "show[] a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule." Id. The moving party must then demonstrate that one of the following grounds warrants relief:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The parties have made no showing of "extraordinary circumstances" warranting relief from the judgment in this civil action. This Court previously granted the defendants' motion to compel arbitration and dismissed this civil action. Neither party asserts "a meritorious defense" to the judgment. Rather, the parties ask this Court to disregard the judgment in this civil

action only to consider the defendants' motion to confirm the award and motion to enforce the award, which have also been filed in a separate civil action pending before this Court. Nothing about these facts outweighs the "sanctity of final judgments" in this case. Further, the parties do not assert that any particular ground for relief provided in Rule 60(b) applies here. This Court finds that, in this case, Rule 60(b) provides no grounds for relieving the parties from the judgment in this civil action, and this Court finds no other reason for doing so. Accordingly, the defendants' motion to reopen is denied. Because the judgment remains in force, the defendants' motion to confirm and motion to enforce are denied without prejudice, and the defendants' motion to strike or for leave to file a surreply is denied as moot.

### III. Conclusion

For the foregoing reasons, the defendants' motion to reopen (ECF No. 16) is DENIED, the defendants' motion to confirm the arbitration award (ECF No. 18) and motion to enforce the arbitration award (ECF No. 20) are DENIED WITHOUT PREJUDICE, and the defendants' motion to strike or for leave to file a surreply (ECF No. 27) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     August 9, 2016

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE